## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LISA JUCHA,
Appellant,

v.

DEPARTMENT OF THE NAVY,
Agency.

DOCKET NUMBER
SF-0752-17-0720-I-1

DATE: January 31, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lisa Jucha, Torrance, California, pro se.

Brandon M. Barros, China Lake, California, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her involuntary resignation appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The appellant asserts new evidence for the first time on review. Petition for Review File, Tab 1 at 4, 11-12. For instance, she acknowledges that she "did not mention this in [her] filings, [but] each and every medical/psychological person [she] consulted urged [her] to quit." *Id*. at 4. She also states that she "recently learned" that several other employees had turned in tracking reports late and "badmouthed" coworkers but that she was the only employee "written up or threatened with suspension." *Id*. at 12. The appellant further states that she learned that the agency had decided not to backfill her Sign Language Interpreter (SLI) position and another SLI position, which she asserts demonstrates the fraudulent nature of the position. *Id*. The appellant repeats her arguments that the agency fraudulently "lured" her into an interpreter position that was primarily an Equal Employment Opportunity (EEO) Specialist position, failed to provide her adequate EEO Specialist training, and subjected her to a hostile work environment. *Id*. at 4-5, 10. Finally, she argues that the administrative judge abused his discretion in "minimizing [her] plight" and discrediting her written testimony. *Id*. at 7, 10-11.

Under 5 C.F.R. § 1201.115(d), the Board will not generally consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due

diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Moreover, the Board will generally not grant a petition for review based on "new" evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

The appellant offers no explanation for why she did not include in her submissions below information from the medical or psychological professionals with whom she consulted, and she does not include any documentary evidence to support her assertion that other individuals in her office who engaged in similar behavior were not disciplined or that the agency did not backfill any SLI positions. Even if we determined that the appellant's evidence on review was "new," it does not warrant a different outcome. We affirm the administrative judge's finding that the appellant failed to prove by preponderant evidence[2] that her resignation was involuntary. Initial Appeal File (IAF), Tab 18, Initial Decision at 5-19.

In cases wherein intolerable working conditions are alleged, both the courts and the Board will find an action involuntary only if the employee demonstrates that the agency engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in that employee's position would have felt compelled to resign. *Markon v. Department of State*, 71 M.S.P.R. 574, 577-78 (1996). When an appellant raises allegations of discrimination and reprisal in connection with an involuntariness claim, such evidence may be considered only in terms of the standard for voluntariness in a particular situation. *Id.* at 578. The appellant's evidence in support of her claims of disparate treatment and reprisal does not warrant the conclusion that her resignation was involuntary because the agency was investigating her EEO complaint and she could have contested any agency actions or final decisions.

---

[2] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

*See, e.g., Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 17 (2009) (stating that the appellant had the option to stand and fight the alleged discrimination, harassment, and retaliation rather than resign).

The appellant's remaining arguments on review largely constitute mere disagreement with the administrative judge's findings and credibility determinations. For example, her assertion regarding the allegedly fraudulent nature of her SLI position is contradicted by the vacancy announcement and position description, both of which explain that the position includes SLI duties and EEO duties. IAF, Tab 7 at 47-49, Tab 14 at 68. Moreover, for the reasons described in the initial decision, the appellant's description of her work environment does not evince the type of intolerable working conditions that deprive an individual of a meaningful choice and would compel a reasonable person to resign. *See Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000) (explaining that dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are generally not so intolerable as to compel a reasonable person to resign). Finally, the appellant has not persuaded us that the administrative judge's credibility findings were in error. *See Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195,

review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.